# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
WALTER THORNTON,                           *
                                           *    No. 18-1002V
            Petitioner,                    *    Special Master Christian J. Moran
                                           *
v.                                         *
                                           *    Filed: June 13, 2024
SECRETARY OF HEALTH                        *
AND HUMAN SERVICES,                        *
                                           *
            Respondent.                    *
* * * * * * * * * * * * * * * * * * * * * * * *

William E. Cochran, Jr., Black McLaren, et al., PC, Memphis, TN, for Petitioner;
Joseph Leavitt, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

Walter Thornton is seeking compensation through the Childhood Vaccine Injury Compensation Program. He has requested an award of attorneys' fees and costs on an interim basis. Mr. Thornton is awarded **$250,934.71**. .

\* \* \*

Represented by Attorney William Cochran, Jr., Mr. Thornton initiated this case by filing his petition in 2018. Mr. Thornton submitted medical records periodically. He supported his claim with a report from a doctor who frequently

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

assists people claiming compensation in the Vaccine Program, Eric Gershwin. Exhibit 17.

The Secretary maintained that Mr. Thornton is not entitled to compensation. Resp't's Resp., filed Aug. 5, 2019.  The Secretary relied upon opinions from Carlos Rose, a rheumatologist, and Peter Donofrio, a neurologist.  After rounds of reports, the parties argued via memorandum.  Pet'r's Prehearing Br., filed Mar. 18, 2022; Resp't's Prehearing Br., filed July 16, 2021; Pet'r's Prehearing Reply, filed Sep. 8, 2021.

The parties were directed to seek additional information regarding Mr. Thornton's military training.  Order, issued Oct. 20, 2021.  The result was not illuminating.  Court Exhibit 1001.

The case was set for two days of hearing in June 2023.  However, the second day was rescheduled due to illness.  The hearing was completed on October 24, 2023.

Mr. Thornton seeks an award of attorneys' fees and costs on an interim basis.  Pet'r's Mot., filed Sep. 13, 2023.[2]  The Secretary submitted his stock response, deferring to the undersigned.  Resp't's Resp., filed Sep. 20, 2023.

*   *   *

As to whether Mr. Thornton should receive an award of attorneys' fees and costs on an interim basis, the parties' briefs raise a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, whether Mr. Thornton has submitted evidence that makes him eligible to receive an award of attorneys' fees and costs?  Second, whether, as a matter of discretion, Mr. Thornton should be awarded his attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

---

[2] After Mr. Thornton filed the pending motion for attorneys' fees and costs, he continued to advance his case.  See Pet'r's Posthearing Br., filed Jan. 29, 2024.  Mr. Thornton's claim that a vaccine harmed him remains pending.

2

### 1. Eligibility for An Award of Attorneys' Fees and Costs

A petitioner who has not received compensation may be awarded "compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1).

Mr. Thornton supported his claim with reports from Dr. Gershwin. This evidence carries Mr. Thornton's burden regarding reasonable basis.

### 2. Appropriateness of an Interim Award

When a petitioner meets the eligibility requirements for an award of attorneys' fees and costs on an interim basis, the special master has discretion to make such an award. See Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016) (even after good faith and reasonable basis have been established, the special master must determine "whether to exercise his or her discretion to award attorneys' fees and costs"); cf. Avera, Avera v. Sec'y of Health & Human Servs., 515 F.3d 1352 (Fed. Cir. 2008) (holding that even though permitted under the Vaccine Act, an interim award was not appropriate in that case). When determining the appropriateness of an interim award, the Federal Circuit has considered such factors as protracted proceedings, costly experts, and undue hardship. Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010); Avera, 515 F.3d at 1352.

Mr. Thornton has shown that a discretionary award of attorneys' fees and costs is appropriate. His case has last for multiple years. The amount of fees and costs includes "costly experts."

### 3. Reasonableness of Requested Amounts

Mr. Thornton seeks $250,934.71 in total. This amount is comprised of $195,751.00 in attorneys' fees and $55,183.71 costs.

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of

Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis exception applies, and that petitioner's counsel is paid according to the local rate.  Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757-60 (D.C. Cir. 1999).

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018); Vaccine Rule 13(a)(3) (authorizing the special master to consider any "failure of respondent to identify with particularity any objection to a request for attorney's fees and costs").

### A. Reasonable Hourly Rate

Mr. Thornton has requested compensation for attorneys and their paralegals at rates previously awarded.  Simpson v. Sec'y of Health & Hum. Servs., No. 19-1424V, 2024 WL 1617319, at *2 (Fed. Cl. Spec. Mstr. Feb. 16, 2024).  Thus, they are accepted as reasonable here.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

In general, the timesheets provide sufficient information to assess the reasonableness of the activity.  The activities are reasonable.  Mr. Thornton is awarded the amount requested in attorneys' fees, $195,751.00.

### C.  Costs

Mr. Thornton asks for $55,183.71 in costs.  Some costs are derived from obtaining medical records, filing the petition, acquiring medical articles, and traveling.  See Pet't's Mot. pdf 41. The requested costs are reasonable.

The bulk of the costs comes from Dr. Gershwin. Dr. Gershwin supported his work with more than ten invoices. The amount that Dr. Gershwin has requested is accepted as reasonable, especially given that the Secretary failed to interpose any objection.

## Conclusion

An interim award of attorneys' fees and costs is appropriate at this time. Mr. Thornton is awarded a total of **$250,934.71**. This amount shall be paid as a lump sum in the form of a check jointly payable to Mr. Thornton and Mr. Thornton's counsel, William Cochran, Jr.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
